RECEIVED

JUN 19 2015

AT 8:30 M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA : Criminal No. 15- 307 (PGS)

v.

ROSTYSLAW MYKYTYN : 18 U.S.C. § 1343

**INDICTMENT**

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

**COUNTS ONE THROUGH FIVE**
**(Wire Fraud)**

1. At times relevant to this Indictment:

***Background of Relevant Entities***

a. The defendant ROSTYSLAW MYKYTYN ("defendant MYKYTYN") was a resident of New Jersey and the owner, president, and CEO of RGM Management Company, d/b/a Campbell Company, Inc. ("Campbell").

b. Campbell was a company located in the State of Washington. Campbell provided sales representative services to a company that manufactured and distributed power and cooling infrastructures for large computer spaces.

c. The "Campbell Investors" were a group of approximately

16 investors who purchased a minority ownership stake in Campbell in or about 2010.

***The Scheme to Defraud***

2. From in or about January 2010, through in or about August 2010, in the District of New Jersey, and elsewhere, the defendant,

ROSTYSLAW MYKYTYN,

did knowingly devise and intend to devise a scheme and artifice to defraud the Campbell Investors and others, and to obtain money and property from the Campbell Investors and others, by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice was in substance as set forth below.

***Object***

3. The object of the scheme and artifice to defraud was for defendant MYKYTYN to enrich himself by inducing the Campbell Investors to invest approximately $1.5 million in Campbell on the basis of fraudulent financial statements and by diverting a portion of that investment to himself to pay personal expenses.

***Manner and Means***

4. It was part of the scheme and artifice to defraud that, in or about 2010, defendant MYKYTYN offered the Campbell Investors a minority ownership stake in Campbell and majority control of Campbell's Board of

Directors in exchange for an investment in Campbell that he called Series B Preferred Stock.

5. It was further part of the scheme and artifice to defraud that, to solicit the investment funds from the Campbell Investors, defendant MYKYTYN emailed them false Campbell financial statements, including false sales commission invoices from a supposed client showing sales in excess of $4 million, of which approximately $472,720 would be due to Campbell.

6. It was further part of the scheme and artifice to defraud that defendant MYKYTYN caused the Campbell Investors, in reliance on his fraudulent financial statements and other misrepresentations, to wire-transfer approximately $1.5 million to Campbell for the purchase of Series B Preferred Stock.

7. On or about the dates set forth below, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, in the District of New Jersey, and elsewhere, the defendant,

ROSTYSLAW MYKYTYN,

did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce the following writings, signs, signals, pictures, and sounds, each constituting a separate Count of this Indictment:

| **Count** | **Date** | **Description of Wire Communication** |
|---|---|---|
| One | 4/20/10 | Wire transfer of approximately $100,000 from Campbell Investor D.D.'s bank account to Campbell's bank account |
| Two | 4/21/10 | Wire transfer of approximately $100,000 from Campbell Investor B.C.'s bank account to Campbell's bank account |
| Three | 4/21/10 | Wire transfer of approximately $50,000 from Campbell Investor R.A.'s bank account to Campbell's bank account |
| Four | 4/22/10 | Wire transfer of approximately $250,000 from Campbell Investor C.S.'s bank account to Campbell's bank account |
| Five | 5/14/10 | Wire transfer of approximately $50,000 from Campbell Investor K.H.'s bank account to Campbell's bank account |

All in violation of Title 18, United States Code, Section 1343.

**FORFEITURE ALLEGATION**

1. The allegations contained in this Indictment are incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

2. Upon conviction of the offenses charged in Counts One through Five of this Indictment, the government will seek forfeiture from defendant MYKYTYN, in accordance with Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violations of Title 18, United States Code, Section 1343.

3. If by any act or omission of defendant MYKYTYN any of the property subject to forfeiture herein:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other

forfeiture allegation.

A TRUE BILL

FOREPERSON

PAUL J. FISHMAN
UNITED STATES ATTORNEY

**CASE NUMBER: 15-** 307-PGS

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

**v.**

**ROSTYSLAW MYKYTYN**

# INDICTMENT FOR

18 U.S.C. § 1343

**A True Bill,**

____________________

**Foreperson**

**PAUL J. FISHMAN**
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

JILLIAN J. REYES
*SPECIAL ASSISTANT U.S. ATTORNEY*
*(973)645-2853*

**USA-48AD 8**
**(Ed. 1/97)**